Page 2

AO 243 (Rev. 01/15)

## MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District SOUTHERN NEW YORK | |
|---|---|---|
| Name (under which you were convicted): JAMES BOWIE | | Docket or Case No.: 1:12-MJ-00245 |
| Place of Confinement: USP CANAAN (WAYMART PENNSYLVANIA) | Prisoner No.: 66307-054 | |
| UNITED STATES OF AMERICA | Movant (include name under which convicted) V.   JAMES BOWIE | |

### MOTION

1.  (a) Name and location of court which entered the judgment of conviction you are challenging:

SOUTHERN DISTRICT OF NEW YORK

## 16CV3122

   (b) Criminal docket or case number (if you know): 1:12-MJ-00245

2.  (a) Date of the judgment of conviction (if you know): 08/12/2013

   (b) Date of sentencing: 08/06/2013

3.  Length of sentence: 135 MONTHS

4.  Nature of crime (all counts):

   1. CONSPIRACY TO COMMIT HOBBS ACT ROBBERY

   2. BRANDISHING A FIREARM INTHE COMMISSION OF VIOLENT CRIME

5.  (a) What was your plea? (Check one)
   (1) Not guilty ☐      (2) Guilty ☒      (3) Nolo contendere (no contest) ☐

   (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or what did you plead guilty to and what did you plead not guilty to?

6.  If you went to trial, what kind of trial did you have? (Check one)   Jury ☐   Judge only ☐

7.  Did you testify at a pretrial hearing, trial, or post-trial hearing?   Yes ☐   No ☐

8.  Did you appeal from the judgment of conviction?   Yes ☐   No ☒

AO 243 (Rev. 01/15)

9.   If you did appeal, answer the following:

     (a)  Name of court: _____

     (b)  Docket or case number (if you know): _____

     (c)  Result: _____

     (d)  Date of result (if you know): _____

     (e)  Citation to the case (if you know): _____

     (f)  Grounds raised:

     (g)  Did you file a petition for certiorari in the United States Supreme Court?    Yes ☐    No ☒

        If "Yes," answer the following:

        (1)  Docket or case number (if you know): _____

        (2)  Result: _____

        (3)  Date of result (if you know): _____

        (4)  Citation to the case (if you know): _____

        (5)  Grounds raised:

10.   Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications, concerning this judgment of conviction in any court?

     Yes ☐    No ☒

11.   If your answer to Question 10 was "Yes," give the following information:

     (a)  (1)  Name of court: _____

        (2)  Docket or case number (if you know): _____

        (3)  Date of filing (if you know): _____

        (4)  Nature of the proceeding: _____

        (5)  Grounds raised: _____

AO 243 (Rev. 01/15)

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?

Yes ☐   No ☐

(7) Result: _____

(8) Date of result (if you know): _____

(b) If you filed any second motion, petition, or application, give the same information:

(1) Name of court: _____

(2) Docket of case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?

Yes ☐   No ☐

(7) Result: _____

(8) Date of result (if you know): _____

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

(1) First petition:    Yes ☐    No ☐

(2) Second petition:   Yes ☐    No ☐

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

AO 243 (Rev. 01/15)

**GROUND ONE:** IN LIGHT OF JOHNSON V. UNITED STATES, MY CONVICTION AND SENTENCE IS UNCONSTITUTIONAL AS TO U.S.C. §924(C)

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

    SEE ATTATCHED MEMORANDUM

(b) **Direct Appeal of Ground One:**

  (1)  If you appealed from the judgment of conviction, did you raise this issue?

      Yes ☐    No ☒

  (2)  If you did not raise this issue in your direct appeal, explain why:

    IT WAS UNAVAILABLE

(c) **Post-Conviction Proceedings:**

  (1)  Did you raise this issue in any post-conviction motion, petition, or application?

      Yes ☐    No ☒

  (2)  If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

  (3)  Did you receive a hearing on your motion, petition, or application?

      Yes ☐    No ☐

  (4)  Did you appeal from the denial of your motion, petition, or application?

      Yes ☐    No ☐

  (5)  If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

      Yes ☐    No ☐

AO 243 (Rev. 01/15)

(6)   If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(7)   If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

_____

**GROUND TWO:** _____

_____

(a)   Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

(b)   **Direct Appeal of Ground Two:**

(1)   If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐        No ☐

(2)   If you did not raise this issue in your direct appeal, explain why:

(c)   **Post-Conviction Proceedings:**

(1)   Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐        No ☐

(2)   If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

_____

(3)   Did you receive a hearing on your motion, petition, or application?

   Yes ☐        No ☐

(4)   Did you appeal from the denial of your motion, petition, or application?

   Yes ☐        No ☐

(5)   If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

   Yes ☐        No ☐

(6)   If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

_____

(7)   If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

_____

_____

**GROUND THREE:** _____

_____

(a) Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

_____

AO 243 (Rev. 01/15)

(b) **Direct Appeal of Ground Three:**

    (1)  If you appealed from the judgment of conviction, did you raise this issue?

         Yes ☐    No ☐

    (2)  If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**

    (1)  Did you raise this issue in any post-conviction motion, petition, or application?

         Yes ☐    No ☐

    (2)  If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

    (3)  Did you receive a hearing on your motion, petition, or application?

         Yes ☐    No ☐

    (4)  Did you appeal from the denial of your motion, petition, or application?

         Yes ☐    No ☐

    (5)  If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

         Yes ☐    No ☐

    (6)  If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7)   If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this
         issue:

**GROUND FOUR:** _____

(a)   Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

(b)  **Direct Appeal of Ground Four:**
   (1)   If you appealed from the judgment of conviction, did you raise this issue?
            Yes ☐         No ☐
   (2)   If you did not raise this issue in your direct appeal, explain why:

(c)  **Post-Conviction Proceedings:**
   (1)   Did you raise this issue in any post-conviction motion, petition, or application?
            Yes ☐         No ☐

   (2)   If you answer to Question (c)(1) is "Yes," state:
   Type of motion or petition: _____
   Name and location of the court where the motion or petition was filed:

   Docket or case number (if you know): _____
   Date of the court's decision: _____
   Result (attach a copy of the court's opinion or order, if available):

    (3)  Did you receive a hearing on your motion, petition, or application?

         Yes ☐    No ☐

    (4)  Did you appeal from the denial of your motion, petition, or application?

         Yes ☐    No ☐

    (5)  If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

         Yes ☐    No ☐

    (6)  If your answer to Question (c)(4) is "Yes," state:

    Name and location of the court where the appeal was filed:

    _____

    Docket or case number (if you know): _____

    Date of the court's decision: _____

    Result (attach a copy of the court's opinion or order, if available):

    _____

    (7)  If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

    _____

13.   Is there any ground in this motion that you have <u>not</u> previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

    Ground One. I never raised it before because it was unavailable until the recent decision in <u>Johnson v. United States</u>.

14.   Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the you are challenging?   Yes ☐   No ☒

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

AO 243 (Rev. 01/15)

15.   Give the name and address, if known, of each attorney who represented you in the following stages of the you are challenging:

(a)  At the preliminary hearing:
Peter E. Brill

(b)  At the arraignment and plea:
  Peter E. Brill, Calvin H. Scholar, and Margaret Shalley.

(c)  At the trial:


(d)  At sentencing:


(e)  On appeal:


(f)  In any post-conviction proceeding:


(g)  On appeal from any ruling against you in a post-conviction proceeding:



16.   Were you sentenced on more than one court of an indictment, or on more than one indictment, in the same court and at the same time?    Yes [X]    No [ ]

17.   Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?    Yes [ ]    No [X]

(a)  If so, give name and location of court that imposed the other sentence you will serve in the future:


(b)  Give the date the other sentence was imposed:
(c)  Give the length of the other sentence:
(d)  Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?    Yes [ ]    No [ ]

18.   TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*
This claim is based on a new rule of constitutional law made

retroactive by the U.S. Supreme Court.

AO 243 (Rev. 01/15)

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A one-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of —

(1)   the date on which the judgment of conviction became final;

(2)   the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;

(3)   the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4)   the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

AO 243 (Rev. 01/15)                                                                 Page 13

Therefore, movant asks that the Court grant the following relief:

    that my conviction for 924(c) be vacated and I be resentenced
    accordingly

or any other relief to which movant may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on _____4-19-16_____
                                                                    (month, date, year)

Executed (signed) on _____4-19-16_____ (date)

_____James Bowie_____
Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF NEW YORK

JAMES BOWIE,

     Petitioner,

v.

UNITED STATES OF AMERICA,

     Respondent.

Crim. No. 1:12-mj-00245

Civ. No. _____

## MEMORANDUM OF LAW IN SUPPORT OF
## PETITIONER'S 28 U.S.C. §2255 MOTION

I. ARGUMENT:

In light of the Supreme Court's recent decision in Johnson v. United States, 135 S. Ct. 2551 (2015), the residual clause of 18 U.S.C. §924(c)(3) is unconstitutionally vague; therefore, Petitioner's conviction for Conspiracy to commit Hobbs Act Robbery no longer qualifies as a "crime of violence" to support his conviction for brandishing a firearm in the commission of a "crime of violence" pursuant to 18 U.S.C. §924(c).

## 924(c)(3)(B) Is Unconstitutionally Vague

924(c)(3) defines a crime of violence as one that: (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another; or (B) involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense. However, in light of Johnson, which held that the residual clause of the ACCA is unconstitutional, the latter clause is

-1-

now in question.

The Supreme Court deemed the ACCA's residual clause unconstitutionally vague because it led the lower courts to a faulty process for categorizing whether or not a conviction is a crime of violence. In determining whether a conviction qualifies as a crime of violence, the courts are required to apply the categorical approach, which allows them to examine only the statutory elements of the offense--not the particular facts relating to the crime. In applying this approach to the residual clause, the courts had to "picture the kind of conduct that the crime involve in the 'ordinary case' and determine whether that crime presents a serious risk of potential injury." Johnson at 2557. The Court reasoned that such approach "denies fair notice to defendants and invites arbitrary enforcement by judges." Id. For these reasons, the Court deemed the residual clause of the ACCA void.

While the residual clause of the ACCA slightly differs from that of 924(c)(3)(B), the both are substantially similar and contain the same defects. After the Supreme Court's ruling in Johnson, several Circuit courts and many district courts have concluded that the residual clause of 18 U.S.C. §16(b), which is identical to the residual clause of 924(c)(3)(B), is void for vagueness. See Dimaya v. Lynch, 803 F.3d 1110 (9th Cir. 2015); United States v. Vivas-Ceja, 2015 WL 9301373 (7th Cir. Dec. 22, 2015); and United States v. Gonzales-Longoria (5th Cir. 2016). These courts reasoned that the ruling in Johnson applies with equal force to 18 U.S.C. §16(b) because such language invites the

same arbitrary enforcement and denies fair notice to defendants. The same is true for 924(c)(3)(B). See United States v. Edmundson, 2015 U.S. Dist. LEXIS 171007 (S.D. Maryland Dec. 29, 2015); United States v. Lattanphom, 2016 U.S. Dist. LEXIS 12368 (E.D. Cal., Feb. 1, 2016); and United States v. Bell, 2016 U.S. Dist. LEXIS 11035 (N.D. Cal., Jan. 28, 2016).

## Conspiracy To Commit Hobbs Act Is No Longer A Crime Of Violence

Now that 924(c)(3)(B) is void for vagueness, a conviction qualifies as a crime of violence only if it has as an element the use, attempted use, or threatened use of physical force against the person or property of another. In determining whether such conviction has as an element the use of force, the court must examine only the statutory definition of the crime--it may not consider documents that reveal how the petitioner may have committed the offense. See Descamps v. United States, 133 S. Ct. 2276, 2283 (2013). Furthermore, an offense qualifies only if all of the conduct encompassed by its elements require the use of force.

Under this approach, Conspiracy to commit Hobbs Act robbery does not qualify because its elements does not require the use, attempted use, or threatened use of physical force. A conspiracy is merely an agreement amongst two or more persons to commit a substantive crime. Moreover, unlike 18 U.S.C. §371 conspiracy, Hobbs Act conspiracy does not require the commission of an overt act. Thus, the mere agreement to commit Hobbs Act robbery cannot be a crime of violence in light of Johnson. See United States v.

Edmundson, 2015 U.S. Dist. LEXIS 171007 (S.D. Maryland, Dec. 29, 2015).


## II. CONCLUSION:

Since 924(c)(3)(B) is unconstitutionally vague, it should be voided. And since Petitioner's Conspiracy to commit Hobbs Act robbery does not categorically require the use, attempted use, or threatened use of physical force, it can no longer constitute a "crime of violence" under 924(c)(3) and support a conviction for brandishing a firearm in the commission of a "crime of violence." Simply put, in light of Johnson, Petitioner's conviction and sentence for brandishing a firearm in the commission of a crime of violence is unconstitutional, and this court should vacate such conviction and resentence him accordingly.

Hon. James Bowie
# 66387-054
USP Canaan - United States Penitentiary
P.O. Box 300
Waymart, PA. 18472

Mello
Rose
2/5

Legal Mail

USMP3
SDNY.

RECEIVED
SDNY PRO SE OFFICE
2016 APR 26  PM 3: 28

To: United States District Courts
Southern District New York
Daniel Patrick Moynihan
United States Court House
500 Pearl Street Room 120
New York, N.Y. 10007-1312

WAYMART, PA. 18472
APR 21 2016
USPS

Forever
USA

Justice
FOREVER
USA

FOREVER
USA

FOREVER
USA